

Signed and Filed: September 23, 2008

_____

**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 06-31206 TEC |
| | ) | |
| SORHNA LI JORDAN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SORHNA LI JORDAN, | ) | Adv. Proc. No. 07-3059 TC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN EDUCATION SERVICES, | ) | |
| KEYCORP TRUST, STUDENT LOAN | ) | |
| CORPORATION, EDUCATIONAL CREDIT | ) | |
| MANAGEMENT CORPORATION, and KHESLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### MEMORANDUM DECISION

This action came to trial on July 23, 2008. Plaintiff Sorhna Li Jordan (Jordan) appeared *in pro per*. Miriam E. Hiser appeared for Defendant Educational Credit Management Corporation. Randall P. Mroczynski appeared for Defendant Key Bank N.A. Steven A. Booska appeared for Defendant Kentucky Higher Education Student Loan Corporation. Upon due consideration, the court expands as set forth below the findings of fact and conclusions of law stated

MEMORANDUM DECISION            -1-

orally on the record at the conclusion of the trial.

The evidence shows that Ms. Jordan has made a good faith effort to repay her student loans.  She made significant payments on each of the loans at issue when illness did not prevent her from working.

The evidence shows that Ms. Jordan is suffering from post traumatic stress disorder and is currently unable to work.  She does not have any significant assets, and being unable to work, is unable to maintain a minimal standard of living if required to repay her student loans.

The evidence shows that Ms. Jordan's debilitating condition is likely to persist for a period of time that is significant, but that cannot be forecast with precision.  The evidence admits of a possibility that Ms. Jordan's condition may at some time improve to the extent that she will be able to resume working.  As Ms. Jordan is only 33 years old, has made progress in overcoming her disability through therapy, has been admitted to the California Bar, and exhibited considerable skill in defending herself at trial, it is possible that Ms. Jordan may become able in the future to pay back all or part of her student loans.  The court determines that this case presents an appropriate occasion to discharge part of Ms. Jordan's student loan obligations.  In re Saxman, 325 F.3d 1168, 1173-75 (9th Cir. 2003).  The court also determines from Ms. Jordan's prior employment and prior efforts to repay the loans that Ms. Jordan will resume employment of a type suitable to her medical condition as soon as she is able to do so.  The portion of the loans that she should be required to repay should depend upon her actual future income, to eliminate the harmful stress of having

Case: 07-03059    Doc# 43    Filed: 09/23/08    Entered: 09/24/08 14:25:55    Page 2 of 4

to repay the loans while she is unable to work.  The judgment filed herewith is designed to encourage Ms. Jordan to work, and to require her to repay that portion of the loan appropriate for her income and ability to repay.  The court determines that repayment of more than the amount set forth in the attached judgment would constitute an undue hardship on Ms. Jordan.

**\*\*END OF MEMORANDUM DECISION\*\***

**Court Service List**

Sorhna Li Jordan
1910 Pine Street
Daly City, CA 94014

Kimberly A. Fanady, Esq.
Law Offices of Kimberly A. Fanady
180 Montgomery Street, Suite 940
San Francisco, CA 94104

Student Loan Corporation
PO BOX 6615
The Lakes, NV 88901-6615

Miriam E. Hiser, Esq.
Law Offices of Miriam E. Hiser
550 Montgomery Street, Suite 650
San Francisco, CA 94111

Steven A. Booska, Esq.
Law Offices of Steven A. Booska
250 Montgomery Street, Suite 720
San Francisco, CA 94104

Randall P. Mroczynski, Esq.
Byron J. Bahr, Esq.
Cooksey, Toolen, Gage, Duffy & Woog
535 Anton Boulevard, Tenth Floor
Costa Mesa, CA 92626-1977